Filed 8/30/23  Judge v. County of Los Angeles CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| MICHAEL JUDGE, | B318649 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. 19STCV06708 |
| v. | |
| COUNTY OF LOS ANGELES et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mark A. Borenstein, Judge, granting a new trial.  Affirmed.

Hurrell Cantrall, Thomas C. Hurrell and Melissa Cantrall for Defendants and Appellants.

The Cochran Firm California, Brian T. Dunn for Plaintiff and Respondent.

——————————————

Michael Judge sued the County of Los Angeles and Deputy Edwin Barragan because Barragan's dog bit Judge. Judge's theory was Barragan had the dog bite Judge more severely, and for longer, than was reasonable. The jury rendered a defense verdict, but the trial court granted a new trial because of juror misconduct and for other reasons.

The jury misconduct was by Jonathan Cowley, the presiding juror, according to the declaration of another juror named Ulbaldo Cardenas.

Cardenas declared that, during deliberations, Cowley "told us on several occasions that in the United Kingdom . . . he was employed as a police officer, and worked in the K-9 unit there. He told us that, based on his past experiences in the K-9 unit, the use of a police dog against the plaintiff was totally necessary in order to control him. When I told Mr. Cowley that the evidence we saw showed that the dogs listen to their commander and that the cop should have stopped the dog from biting the plaintiff sooner, Mr. Cowley said that, based on his personal experiences as a police officer, that this was not true. Cowley again told me and the other jurors that based on what he observed during his time in the K-9 unit, a police dog will only bite based on the need to control a person, and that, based on his personal experiences as a police officer, for the entire time that the dog was biting, the plaintiff must have been out of control for that whole time, and that the dog had to keep biting him to get him under control."

Cowley's declaration denied Cardenas's claims. The trial judge, however, accepted Cardenas's credibility and granted Judge's new trial motion. The County of Los Angeles and Barragan appealed. We affirm. We review this situation with

deference to the trial court's fact findings and to its discretion regarding the propriety of a new trial.

Jurors may apply their everyday life experience to evaluate the evidence (*People v. Linton* (2013) 56 Cal.4th 1146, 1195) but they may not state an opinion explicitly based on specialized information obtained from outside sources. It is misconduct to inject external information in the form of a juror's own claim to expertise or specialized knowledge on a contested matter. (*People v. Steele* (2002) 27 Cal.4th 1230, 1265.)

The trial court was within its rights to credit Cardenas's version of events and to rule Cowley's statements crossed the line. Cowley supposedly said that, based on his personal experiences as a police canine officer, Judge must have been out of control for the entire time the dog was biting and the dog had to keep biting to get Judge under control. Cardenas's account, which the court credited, reported Cowley's expert opinion about how police dogs always behave. It was a factual claim about events at the scene of the injury. We defer to this reasonable interpretation of the juror's affidavit. It established misconduct.

Was the misconduct prejudicial? Our inquiry is a mixed question of law and fact subject to independent appellate review. (*People v. Brooks* (2017) 3 Cal.5th 1, 99.) The fact of juror misconduct usually establishes a presumption of prejudice. (*Id.* at p. 98.) Nothing in our review of this record rebuts this presumption. On the contrary, Cowley stated an authoritative justification, based on his own background, for how long the dog was biting Judge. His justification differed from the evidence about the training of this dog, and his justification supported the jury's decision about whether the duration of the dog bite was reasonable. The vote was close: the jurors split nine to three on

3

this point.  A reasonable inference is that, when an experienced canine officer explained to jurors the facts on the ground in his specialized trade, reasonable people lacking this experience were probably impressed by this first-hand claim about arcane realities.  The misconduct was prejudicial.

There are other issues in the papers, but this holding decides the appeal in favor of Judge.  The appellants forfeited their collateral estoppel argument.  They did not raise it at trial and their citation to *Rodgers v. Sargent Controls & Aerospace* (2006) 136 Cal.App.4th 82 does not support their argument.  We grant the motion for judicial notice.

## DISPOSITION

We affirm the order granting a new trial and award costs to the respondent.


WILEY, J.


We concur:



GRIMES, Acting P. J.



VIRAMONTES, J.

4